IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SHAHRZAD AMIRI,

    Plaintiff,

vs.

QATAR AIRWAYS Q.C.S.C. (CORPORATION),

    Defendant.

_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, SHAHRZAD AMIRI, by and through her undersigned counsel, and pursuant to the Federal Rules of Civil Procedure hereby files this Complaint for Damages against the Defendant, QATAR AIRWAYS Q.C.S.C. (CORPORATION), alleging as follows:

**THE PARTIES, JURISDICTION & VENUE**

1. Plaintiff, SHAHRZAD AMIRI, hereinafter "AMIRI", is a natural person who was and is at all times material domiciled in the State of Florida, and in this judicial district.

2. Both presently and at the time of the accident that is the subject of this lawsuit, Plaintiff AMIRI's principal and permanent resident, as the term is used in the Montreal Convention, Art. 33(2), was the United States of America.

3. Defendant QATAR AIRWAYS Q.C.S.C. CORP., hereinafter "QATAR AIRWAYS" is an entity organized under the laws of the State of Qatar.

4. QATAR AIRWAYS is a Foreign Profit Corporation registered with the State of Florida, is authorized to and does substantial business activity in Florida, and specifically in Miami-Dade County.

5. QATAR AIRWAYS registered agent for service of process in Florida is located at 1201 Hays Street, Tallahassee, FL 32301-2525.

6. QATAR AIRWAYS was present in and conducted, engaged, carried on substantial business operations in the State of Florida, and in this judicial district, including: the operation of its own aircraft to and from Miami International Airport ("MIA"), solicitation and sales of tickets on its own aircraft to customers located in Florida, and the operation, lease and use, directly and indirectly of airport facilities at MIA and elsewhere in this judicial district.

7. The subject flight on which the incident in issue occurred and which gives rise to Plaintiff AMIRI's claims was part of an international round-trip which originated and ended in Miami, Florida, and the accident that is the subject matter of this lawsuit occurred while Plaintiff AMIRI was in the course of disembarking QATAR AIRWAYS Flight number QR 499 for her connecting flight on QATAR AIRWAYS Flight 781, to Miami, Florida.

8. This is an action for personal injury damages resulting from an accident arising under the under a multilateral treaty, formally known as the Convention for the Unification of Certain Rules Relating to International Carriage by Air, signed at Warsaw on October 12, 1929 (known as the "Warsaw Convention") 49 Stat .3000, TS 876, 2 Bevans 983, 137 L.N.T.S. 11, then modified by the Montreal Convention, opened for signature on May 28, reprinted in S. Treaty Doc. 106-45 1999 WL 33292734 .

9. This Court has original subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1331, as this matter arises under a treaty obligation of the United States of America, specifically the Montreal Convention.

10. Personal jurisdiction as to Defendant QATAR AIRWAYS is appropriate under Fla. Stat. § 48.193(1)(a)(1) & (6).

11. Additionally, personal jurisdiction over QATAR AIRWAYS is appropriate under Fed. R. Civ. P. Rule 4(k)(2) as this matter arises under federal law under the Montreal Convention to which the United States and Qatar are signatories and QATAR AIRWAYS is not subject to jurisdiction in any state courts of general jurisdiction.

12. Exercise of personal jurisdiction over QATAR AIRWAYS is fair and reasonable based upon the facts alleged above and further because QATAR AIRWAYS has availed itself to the federal courts on prior occasions and the United States has a strong interest in enforcing its treaty obligations, especially with respect to its own lawful permanent residents, such as Plaintiff AMIRI.

13. The Montreal Convention provides the exclusive cause of action against the Defendant QATAR AIRWAYS for the accident

14. Venue in this district satisfies the requirements of 28 U.S.C. § 1391 in that, Defendant QATAR AIRWAYS, conducts substantial business in and is subject to personal jurisdiction in this district including substantial operations and flights at Miami International Airport in Miami, Florida.

**GENERAL ALLEGATIONS IN SUPPORT OF
PLAINTIFF'S ACTION UNDER THE MONTREAL CONVENTION**

15. Defendant QATAR AIRWAYS is a common carrier providing scheduled airline services to the public for a fee, and as a common carrier it owes the highest duty of care to its passengers such as the Plaintiff, AMIRI, who at all times relevant herein was a fare-paying passenger who traveled on Defendant QATAR AIRWAYS' airlines.

16. AMIRI's claim is being brought pursuant to Article 17 of the Montreal Convention and is a compensable accident within said Article.

17. On or about April 14, 2025, Plaintiff purchased a ticket for a round-trip international travel aboard QATAR AIRWAYS, commencing and terminating in the city of Miami, State of Florida, United States, more particularly at MIA, on May 13, 2025, and September 9, 2025.

18. Plaintiff AMIRI's place of departure and destination for her round-trip international travel was Miami, Florida, United States of America.

19. The Montreal Convention applies to international carriage within the territory of a single State Party to the Convention, where there are agreed stopping places in the territories of another State. Montreal Conv., Art. 1(2).

## QATAR AIRWAYS LIABILITY FOR DAMAGES
## UNDER THE MONTREAL CONVENTION & PLAINTIFF'S DAMAGES

20. On or about September 8, 2025, Plaintiff AMIRI was a ticketed passenger for a trip via QATAR AIRWAYS from Tehran, Iran to Miami, Florida with a scheduled overnight connecting flight at Hamad International Airport ("Hamad") in Doha, Qatar.

21. Defendant QATAR AIRWAYS sold the ticket to Plaintiff AMIRI and made representations to AMIRI that they would provide wheelchair services to Plaintiff when embarking and disembarking the flights.

22. Plaintiff AMIRI suffers from a pre-existing neck injury, making it difficult for her to get around, requiring assistance when traveling. Due to the effects of her pre-existing injury, Plaintiff requested accommodation in the form of a wheelchair in advance when purchasing her ticket.

23. That AMIRI's request for wheelchair assistance was noted and documented by QATAR AIRWAYS.

24. That on September 9, 2025, Plaintiff AMIRI arrived at Hamad in Doha, Qatar from Tehran on QATAR AIRWAYS Flight 499 for her connecting flight on QATAR AIRWAYS Flight 781, to Miami, Florida, holding a valid ticket.

25. Upon her arrival at Hamad, Plaintiff AMIRI encountered unexpected and injury prone difficulties resulting from QATAR AIRWAYS disregarding her requested accommodation.

26. During the flight from Tehran to Doha, no QATAR AIRWAYS crew member or any other person who was present on the QATAR AIRWAYS airplane communicated with AMIRI regarding her request and need for wheelchair assistance after landing at Hamad.

27. As AMIRI disembarked in Hamad from her flight from Tehran, Iran, she was not met with a wheelchair as previously requested or assistance from QATAR AIRWAYS personnel.

28. QATAR AIRWAYS agreed to provide this wheelchair assistance pursuant to its policies and procedures and failed to do so.

29. That AMIRI was instructed by the QATAR AIRWAYS staff/personnel to walk an extended distance from the aircraft to a transport bus servicing the aircraft as part of the disembarkation process.

30. AMIRI proceeded to disembark the aircraft wearing a neck brace during which it was obvious that she needed physical assistance but again QATAR AIRWAYS did not attempt to provide any wheelchair or physical assistance.

31. QATAR AIRWAYS was the employer of the ground personnel, aircraft personnel, and other employees at Hamad, which employees were specifically delegated with the duty to provide QATAR AIRWAYS passengers with reasonable and necessary care in order to safely and appropriately disembark from QATAR AIRWAYS flights upon their arrival.

32. While being transported in the transport bus, Plaintiff AMIRI was not provided with a seat and although she attempted to steady herself during transit, due to an erratic movement of the vehicle and her physical limitations, she lost her balance and fell.

33. Defendant QATAR AIRWAYS was responsible for Plaintiff AMIRI when her pre-existing condition was unexpectedly or unusually further aggravated while on the transport bus after not being provided a seat on the bus or her requested wheelchair,

34. Subsequently, Plaintiff AMIRI was transported to the Hamad International Airport Clinic after the fall significantly aggravated her pre-existing condition.

35. Plaintiff AMIRI has endured lasting physical injuries and mental anguish as a result of this incident from Defendant's breach of their duty of care.

36. That Plaintiff AMIRI's injuries are due to the incident described above and not due to Plaintiff's negligence or other wrongful act or omission.

37. That AMIRI relied on the Defendant QATAR AIRWAYS for safe transportation and disembarkation while in their care.

38. That the transport bus in which Plaintiff AMIRI was instructed to board and in which she was injured, was part of the disembarkation process of Defendant QATAR AIRWAYS Flight 499.

39. Pursuant to Article 17 of the Montreal Convention, the above-mentioned incident which occurred on or about September 9, 2025, constitutes an accident for which strict liability may be imposed upon the Defendant, QATAR AIRWAYS, for the physical and mental injuries suffered by the Plaintiff, AMIRI.

40. QATAR AIRWAYS is not entitled to exoneration under Montreal Art. 20.

41. As a direct and proximate result of the Defendant, QATAR AIRWAYS' negligent acts and omissions, Plaintiff, AMIRI., has suffered in the past and will continue to suffer in the future from severe and permanent injuries, including but not limited to:

    a. Bodily injury;
    b. Pain and suffering;
    c. Permanent disability;
    d. Disfigurement and scarring;
    e. Aggravation of preexisting conditions;
    f. Mental anguish;
    g. Loss of capacity for the enjoyment of life;
    h. Medical, hospital, rehabilitation, and related expenses, past and future;
    i. Loss of future earning capacity; and
    j. Loss of bodily function.

42. The injuries sustained by Plaintiff AMIRI, are either permanent or continuing in nature, and she will suffer the above losses and impairment in the future.

43. Plaintiff AMIRI requests monetary compensation for all damages she has incurred, and will continue to incur due to this incident, as well as all other compensation the court and jury deem just and proper.

**WHEREFORE**, Plaintiff, SHAHRZAD AMIRI, demands judgment for compensatory damages against Defendant QATAR AIRWAYS Q.C.S.C. CORP., as provided for in the Montreal Convention, plus all reasonable costs incident to the prosecution of her claim herein.

### DEMAND FOR A JURY TRIAL

Plaintiff, SHAHRZAD AMIRI, demands a trial by jury of all issues so triable by a jury.

**FRIEDMAN, RODMAN, FRANK & ESTRADA, P.A.**
Attorneys for Plaintiff
3636 West Flagler Street
Miami, Florida 33135
Tel No.: 305-448-8585
Fax No.: 305-448-9818

pleadings@frflawgroup.com;
ronrod@frflawgroup.com;
gsanchez@frflawgroup.com

By: /s/ Ronald D. Rodman
RONALD RODMAN, ESQ.
Florida Bar No. 664332